IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JEROME LAWRENCE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | |
| v. | ) | Complaint for Violation of Civil Rights |
| | ) | |
| COOK COUNTY SHERIFF THOMAS | ) | **JURY DEMANDED** |
| DART and COOK COUNTY ILLINOIS | ) | |
| A body politic, | ) | |
| | ) | |
| Defendants. | | |

## JURISDICTION AND VENUE

1. This action arises under the United States Constitution and the Civil Rights Act of 1971 (42 U.S.C. Section 1983). This Court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343 and 1331.

2. Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

## PARTIES

3. At all times, herein mentioned, Plaintiff, Jerome Lawrence, was and is a citizen of the United States of America and was within the jurisdiction of this Court. Plaintiff, Jerome Lawrence, is, involuntarily, a detainee at the Cook County Jail assigned booking number 2015-0913073.

4. At all times Cook County Sheriff Thomas Dart (hereafter "Dart"), was the elected head of a political division of the State of Illinois, existing under the laws of the State of Illinois. At all relevant times, Cook County Sheriff, Tom Dart, maintained, managed, and/or operated the Cook County Sheriff's Department and the Cook County Department of

1

Corrections. Dart is being sued in his official capacity.

5.      Defendants, Dart and Cook County are responsible for the supervision and protection of detainees at the Cook County Jail.

6.      Defendant Cook County controls the budget for the Cook County Jail, provides services for persons in the custody of the Jail, and is a necessary party to this action.

## FACTUAL ALLEGATIONS

7.      At all relevant times, Plaintiff was in the custody of the Cook County Department of Corrections.

8.      On or around August 10, 2021, Plaintiff was a patient receiving medical treatment in a medical ward at the Cook County Department of Corrections.

9.      The medical ward contained crutches, canes, and other devices that could be used as a weapon, thereby requiring heightened security and supervision of those inside the ward.

10.     While standing beside a bed, Plaintiff was violently attacked by another inmate, who acted without provocation, and who struck Plaintiff repeatedly, including with crutches and other devices, knocking Plaintiff to the ground and continuing to attack Plaintiff thereafter.

11.     On August 10, 2021, Defendants knew, or in the course of ordinary care should have known that the other inmate harbored animosity  toward Plaintiff and posed a threat to Plaintiff's safety and well-being, based on past threats made by the other inmate against Plaintiff and prior incidents between them.

12.     At all times relevant, the Eighth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. Section 1983 created a duty in Defendants to take reasonable steps to guarantee Plaintiff's safety and provide humane conditions of confinement for him.

2

13.     On August 10, 2021, Defendants engaged in a practice of "cross-watching," including in the area of the facility where Plaintiff and the other inmate were receiving medical treatment, whereby a single officer was assigned to watch over multiple areas of the facility at the same time.

14.     Defendants' decision to engage in cross-watching of the medical facility occupied by Plaintiff and the other inmate posed an unreasonable risk of serious harm to Plaintiff, even before he was attacked.

15.     At all times relevant, Defendants knew or reasonably should have known that cross-watching the medical facility, while it was occupied by Plaintiff and the other inmate, posed an unreasonable risk of serious harm to Plaintiff.

16.     Following his attack by the other inmate, Plaintiff complained about and filed a grievance relating to the unsafe conditions at the Cook County Department of Corrections and the unreasonable risk of serious harm that they pose to him.

17.     In response to Plaintiff's complaint and grievance, Defendants retaliated against Plaintiff by further restricting his liberties and placing him in solitary confinement, in detriment to Plaintiff's well-being, and in violation of Plaintiff's rights under the Eighth and Fourteenth Amendments to the United States Constitution.

### COUNT I
### PLAINTIFF AGAINST DEFENDANT SHERRIF DART AND COOK COUNTY FOR DELIBERATE INDIFFERENCE TO PLAINTIFF'S SAFETY AND WELL-BEING

18.     Plaintiff realleges and incorporates paragraphs one (1) through seventeen (17) as though fully set forth at this place.

19.     Defendants knew or reasonably should have known that Plaintiff was likely to be attacked, assaulted, and battered by the other inmate if the two of them were not closely supervised at all times when they were in close proximity to each other.

3

20.     Defendants knew or reasonably should have known that cross-watching was an ineffective and unreasonable means of supervising Plaintiff and the other inmate when they were together in the medical facility of the Cook County Department of Corrections on August 10, 2021.

21.     Defendants acted with deliberate indifference for the Plaintiff's safety and well-being on August 10, 2021 when they failed to provide adequate supervision of Plaintiff and the other inmate, while they were together in the medical facility of the Cook County Department of Corrections, by failing to provide adequate staffing of the medical facility and relying on cross-watching for Plaintiff's supervision.

22.     Defendants' decision to engage in cross-watching of the medical ward while the Plaintiff and the other inmate were both occupying it was made in conscious and deliberate disregard for Plaintiff's rights under the Eighth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. Section 1983.

23.     The actions and conduct of Defendants were the proximate cause of Plaintiff's injuries, including fractures to both arms requiring surgical intervention, injuries to Plaintiff's neck, nerve damage, pain, suffering, disfigurement, and emotional distress.

24.     The actions and conduct of Defendants violated Plaintiff's rights under the Eighth and Fourteenth Amendment to the U.S. Constitution to have safe and humane conditions of confinement.

### COUNT II
### PLAINTIFF AGAINST DEFENDANT SHERRIF DART AND COOK COUNTY FOR DELIBERATE RETALIATORY ACTION AGAINST PLAINTIFF

25.     Plaintiff realleges and incorporates paragraphs one (1) through twenty-four (24) as though fully set forth at this place.

4

26. At all times relevant Defendants knew that placing Plaintiff in solitary confinement and placing additional restrictions on his liberties at the Cook County Department of Corrections following Plaintiff's complaints and grievances relating to the unsafe conditions at the Cook County Department of Corrections was unrelated to any misconduct on the part of Plaintiff, unwarranted, improper, and in violation of Plaintiff's rights under the Eighth and Fourteenth Amendments to the United States Constitution.

27. Defendants' decision to place Plaintiff in solitary confinement and to place additional restrictions on his liberties at the Cook County Department of Corrections was made in conscious and deliberate disregard for Plaintiff's rights under the Eighth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. Section 1983.

28. Defendants' decision to place Plaintiff in solitary confinement and to place additional restrictions on his liberties at the Cook County Department of Corrections was made with conscious and deliberate intent to retaliate against Plaintiff for the complaints and grievances he placed regarding the conditions at he Cook County Department of Corrections that led to his attack, assault, and battery, and the resulting injuries he sustained.

29. As a direct and proximate result of Defendants' unlawful and retaliatory conduct, Plaintiff was deprived of rights secured by the Eighth and Fourteenth Amendments to the Constitution of the United States.

**WHEREFORE,** the Plaintiff, by and through his attorneys, the LAW OFFICES OF STEPHANIE L. WHITE, P.C., requests judgment as follows against the Defendants, and each of them:

1. That the Defendants be required to pay Plaintiff's general damages, including emotional distress, in a sum to be ascertained;

2.      That the Defendants be required to pay Plaintiff's special damages;

3.      That the Defendants other than Cook County be required to pay punitive and exemplary damages in a sum to be ascertained;

4.      That the Defendants be required to pay Plaintiff's costs of the suit herein incurred; and

5.      That Plaintiff has such other and further relief as this Court may deem just and proper.

                            Respectfully submitted,


                    By: _____

                            Daniel K. Fritz

Atty. No. 6198758
Law Offices of Stephanie L. White, P.C.
161 N. Clark Street, Suite 2550
Chicago, IL 60601
Tel. No. 312-380-7900
swhite@slw-law.com
dfritz@slw-law.com


**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**