IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JEROME LAWRENCE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.   1:23-cv-05293 |
| | ) | |
| v. | ) | The Honorable Martha Pacold |
| | ) | Courtroom 2325 |
| COOK COUNTY SHERIFF THOMAS | ) | |
| DART and COOK COUNTY ILLINOIS | ) | The Honorable Sheila Finnegan |
| A body politic, | ) | Courtroom 2214 |
| | ) | |
| Defendants. | | |

**PLAINTIFF'S ANSWERS TO DEFENDANTS' AFFURMATUVE DEFENSES**

NOW COMES the Plaintiff, JEROME LAWRENCE, by his attorneys, the Law Offices of Stephanie L. White, P.C., and for his Answer to the Defendants' Affirmative Defenses states as follows:

1. Plaintiff has failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997(e) (hereinafter "PLRA"). *See Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004). At all relevant times and the date of filing, Plaintiff was a prisoner as defined in the PLRA. 42 U.S.C. § 1997. The PLRA prohibits civil actions "brought with respect to prison conditions under section 1983 . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is necessary even if the prisoner is requesting relief that the relevant administrative review board has no power to grant, such as monetary damages. Plaintiff's claims are barred for failure to exhaust his administrative remedies.

**ANSWER:** **Plaintiff denies the allegations contained in Defendants' First Affirmative Defense.**

  2.  Defendants assert qualified immunity.

**ANSWER:**  **Plaintiff denies the allegation contained in Defendants' Second Affirmative Defense.**

  3.  The Illinois Tort Immunity Act shields Defendants from any supplemental state law claims because they acted neither willfully nor wantonly toward Plaintiff at any time. 745 ILCS 10/2-202.

**ANSWER:**  **Plaintiff denies the allegations contained in Defendants' Third Affirmative Defense.**

  4.  The Illinois Tort Immunity Act shields Defendants from any supplemental state law claims for injuries resulting from the creation or omission of discretionary policies. 745 ILCS 6-201. Plaintiff's allegations involve discretionary policies about jail administration and should be barred because they establish no basis for liability under the Tort Immunity Act.

**ANSWER:**  **Plaintiff denies the allegations contained in Defendants' Fourth Affirmative Defense.**

  5.  Defendants assert immunity from punitive damages. First, to the extent that Plaintiff pleads an official capacity suit, Plaintiff's claim is tantamount to a claim against the government entity itself. *Guzman v. Sheahan*, 495 F.3d 852, 859 (7th Cir. 2007). Second, a municipality is immune from punitive damages under 42 U.S.C. § 1983. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981).

**ANSWER:**  **Plaintiff denies the allegations contained in Defendants' Fifth Affirmative Defense.**

6. At all relevant times, Plaintiff owed a duty to take reasonable measures to mitigate his alleged injuries and damages. Plaintiff failed to mitigate his alleged injuries and damages.

**ANSWER:** **Plaintiff denies the allegations contained in Defendants' Sixth Affirmative Defense.**

7. Defendants assert that the statute of limitations bars Plaintiff's claims.

**ANSWER:** **Plaintiff denies the allegations contained in Defendants' Seventh Affirmative Defense.**

Respectfully submitted,

By: _____
Daniel K. Fritz

Atty. No. 6198758
Law Offices of Stephanie L. White, P.C.
161 N. Clark Street, Suite 2550
Chicago, IL 60601
Tel. No. 312-380-7900
swhite@slw-law.com
dfritz@slw-law.com